THOMAS GLAZIER v. THE NEW JERSEY AND NEW YORK
RAILROAD COMPANY.

1. If a petition for the condemnation of lands misstates the facts, so that one statute would be applicable to the facts as stated, and a different statute to the real facts, the petition is erroneous and will be set aside on *certiorari*.

2. When a private corporation is condemning land for the construction of a railroad, the benefits to be derived by the landowner "from or in consequence of the railroad," cannot constitutionally be considered in awarding him just compensation.

---

On *certiorari* to review an order of the Bergen Common Pleas.

Argued at February Term, 1897, before Justices DIXON, MAGIE and LUDLOW.

For the prosecutor, *Dickinson, Thompson & McMaster*.

For the defendant, *Cortlandt & R. Wayne Parker*.

The opinion of the court was delivered by

DIXON, J.   On the petition of the New Jersey and New York Railroad Company, the judge of the Bergen County Common Pleas, on December 11th, 1896, made an order appointing commissioners to appraise certain lands of the prosecutor and assess his damages, to the end that the company, on paying the sum awarded, might take the land for railroad purposes.   This order the prosecutor now seeks to have set aside.

So far as we have been able to discover, the power of condemnation granted by special statutes to this company and its predecessors by name have been exhausted or have expired, and its right now to exercise the eminent domain must be found in general laws.   Of statutes intended to be general, there are two which may be deemed pertinent to the present conditions—one, "An act concerning railroad corporations," approved March 6th, 1877 (*Gen. Stat., p.* 2694); the other, a supplement to "An act respecting railroads and canals," approved March 25th, 1881 (*Gen. Stat., p.* 2685).   The former act is designed to enable railroad companies to acquire additional land adjoining their roads as constructed on their right of way, and the latter to enable them to acquire a perfect title

to land in which they have only a defeasible title or their original title has been extinguished.

According to the testimony taken in this cause, the present proceeding was intended to combine these objects, to remedy a defect in the company's title to its roadbed, and to acquire lands adjoining the roadbed.

It is not now necessary to go into a critical examination of the statutes just cited, in order to determine whether they accord with the constitutional edict that only by general laws shall corporate powers be conferred, nor to decide whether, under peculiar circumstances, their diverse objects may be united in one proceeding. Conceding the affirmative of each of these queries, it is plain that the petition presented to the judge must be consistent with the application of these different statutory provisions to the real circumstances of the case.

This petition is not so. It alleges that the land described therein is already occupied by the company, and that the design is to perfect its title thereto, while the truth is that part of the land has never been so occupied and the company never had any right in or to the same.

Because of this incongruity between the petition and the facts, the proceeding should be set aside.

There is also an incurable fault in the order appointing the commissioners. It directs that the commissioners, in making their award, must "take into consideration all the benefits to be derived from or in consequence of the railroad."

The constitution (*Art.* 4, § 7, ¶ 9) declares that "individuals or private corporations shall not be authorized to take private property for public use without just compensation first made to the owners." The petitioner is a private corporation, and hence the compensation which it is to give for the prosecutor's land must be made before the land is taken. It cannot, therefore, consist in part of benefits to be derived after the land has been taken and the contemplated railroad has been constructed thereon.

Let the proceedings be set aside, with costs.